OPINION
{¶ 1} On June 3, 2005, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of Kazyua Weatherspoon born June 2, 2005, alleging the child to be dependent and neglected. Father of the child is appellant, Seth Weatherspoon; mother is Jennifer Sexton. By judgment entry filed June 7, 2005, the trial court granted temporary custody of the child to appellee. A case plan was filed.
 {¶ 2} On August 30, 2005, the trial court found the child to be dependent. On March 10, 2006, appellee filed a motion for permanent custody based upon the parents' failure to comply with the case plan. A hearing was held on May 10, 2006. By judgment entry filed June 14, 2006, the trial court granted appellee permanent custody of the child. Findings of fact and conclusions of law were filed same date.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE COURT'S ORDER STATING THAT KAZYUA WEATHERSPOON COULD NOT BE PLACED WITH ANY BIOLOGICAL PARENT AT THE TIME OF TRIAL OR WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 II {¶ 5} "THE COURT'S ORDER STATING THAT IT WOULD BE IN THE BEST INTEREST OF KAZYUA WEATHERSPOON THAT PERMANENT CUSTODY BE GRANTED WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I, II {¶ 6} Appellant claims the trial court erred in granting appellee permanent custody of the child. Specifically, appellant claims appellee failed to establish by clear and convincing evidence that the child could not be placed with a biological parent within a reasonable amount of time. Also, appellant claims the trial court erred in finding permanent custody to appellee was in the best interests of the child. We disagree.
 {¶ 7} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 8} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 9} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 10} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 11} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 12} "(10) The parent has abandoned the child.
 {¶ 13} "(16) Any other factor the court considers relevant."
 {¶ 14} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 15} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 16} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 17} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 18} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 19} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 20} Appellant argues the child could be placed with him in a reasonable amount of time. In support of his argument, appellant argues he has attempted to follow the re-unification plan, but his incarceration for felony domestic violence has hindered his progress. The child was born in June of 2005, appellant was incarcerated in September of 2005, the permanent custody hearing was held in May of 2006 and appellant expected to be released in August of 2006. Appellant began substance abuse treatment at Quest Recovery Services and established paternity, but since his incarceration, he has been unable to fulfill the requirements of the case plan. At the time of the permanent custody hearing, appellant was at SRCCC and enrolled in orientation classes, participated in drug assessment and was ordered to participate in parenting classes and anger management. T. at 24.
 {¶ 21} Appellee's caseworker, Cheri Vandeborne, stated she has had no contact with appellant, was unaware of any visitation of the child by appellant and was unaware of appellant's whereabouts until she discovered he was incarcerated. T. at 12-13. It was established that appellant "went more than ninety days without visiting or providing support for his child." T. at 13. However, there was a "no contact order on the case from the beginning" because appellant had been convicted of domestic violence involving the child's mother, Ms. Sexton. T. at 12-13. This was appellant's second conviction for domestic violence. T. at 13. He has also been convicted of aggravated robbery, driving under the influence and various petty thefts. T. at 19-20. Appellant did not pursue his scheduled counseling prior to his incarceration. T. at 13-14. Appellant only completed one objective from the case plan since the child's birth and that was the establishment of paternity. T. at 15. Ms. Sexton had moved to Florida and stated she would not be attending the permanent custody hearing. T. at 11. She told Ms. Vandeborne she would stipulate to permanent custody. T. at 11-12.
 {¶ 22} The most telling fact is that appellant has three other children and has not participated in their lives because he "was locked up during the other ones you know growing up." T. at 24. Now appellant seeks a fourth chance at parenting with a child he has not seen since June of 2005. T. at 22. Essentially, appellant has no plans for the care of the child.
 {¶ 23} Ms. Vandeborne stated the foster parents were interested in adopting the child and "there is a very strong bond between the child and the foster parents." T. at 27. The child is "playful and happy" and seems "to be extremely well adjusted and bonded to the parents." T. at 28.
 {¶ 24} In its June 14, 2006 findings of fact and conclusions of law, the trial court found the following in pertinent part:
 {¶ 25} "11. The Court finds that Seth Weatherspoon to have abandoned this child by virtue of his lack of contact with him for greater than 90 days, his lack of bonding with him, and his failure to attempt any form of reunification.
 {¶ 26} "5. The Court finds that this child is not bonded with father. The father has shown an inability to demonstrate a commitment toward the child by failure to regularly support, visit and, an unwillingness to provide adequate housing. The father has abandoned this child by lack of contact for more than ninety days. The father has had lengthy incarcerations and a criminal history which makes reunification unlikely. The Court finds that the detriment caused by severing a parental bond is outweighed by the benefit of permanency."
 {¶ 27} Upon review, we agree with the trial court's assessment, and find the trial court did not err in finding the child could not be placed with a biological parent within a reasonable time and did not err in determining permanent custody to appellee was in the best interests of the child.
 {¶ 28} Assignments of Error I and II are denied.
 {¶ 29} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed.